The judgment of the court was pronounced by
Slidell, J.
Mrs. Dejean is the widow of the deceased, and the administratrix of his succession. She places herself on the tableau of distribution as a privileged creditor for paraphernal moneys received by her husband, and claimed superiority to her husband’s vendor upon the proceeds of the probate sale of a tract of land. It is conceded that Dejean received during his marriage five thousand one hundred and fifty-eight dollars eighty-eight cents belonging to his wife. The whole of this, except a comparatively trifling amount, was received by him prior to 1848. In thatyear he bought the tract of land on a credit of one, two and three years. One installment only has been paid. The mortgage reserved in the deed of sale by the vendor was not recorded until 1849, after Dejean’s death. --
It is obvious that the pretension of Mrs. Dejean to apply the proceeds of the probate sale of the land to her own paraphernal claim, in preference to the unpaid vendor, has no equitable basis. She attempts to sustain it upon a rigorous construction of the provisions of the code regulating the inscription of mortgages as regards third persons. To what extent in general the wife is to be considered a third person, with reference to mortgagees of the husband, is a question upon which it is unnecessary now to express an opinion.
In the absence of contrary evidence, it is to be presumed, that a community of acquests and gains existed between Mrs. Dejean and the deceased. There is no evidence of a renunciation or settlement of the community. She stands before us, therefore, as still a partner of the community; and as such cannot be permitted to apply a partnership asset to her individual claim, to the detriment of a creditor of the partnership.
The judgment of the district court is therefore affirmed, with costs.